Filed 10/3/23  P. v. Stocker CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC STOCKER,<br><br>    Defendant and Appellant. | B320930<br><br>Los Angeles County<br>Super. Ct. No. TA135978 |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge. Affirmed.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2015, a jury convicted defendant and appellant Eric Stocker and a co-defendant of first degree murder and two counts of attempted murder. In 2022, Stocker filed a petition for recall and resentencing under former Penal Code section 1170.95.[1] Without appointing counsel, the trial court summarily denied the petition. On appeal, Stocker argues the trial court prejudicially erred by failing to appoint counsel and engaging in improper factfinding. The Attorney General agrees the trial court erred by not appointing counsel, but argues the error was harmless because the record demonstrates Stocker is ineligible for relief as a matter of law. We agree with the Attorney General and affirm the order denying relief.

## PROCEDURAL BACKGROUND[2]

Stocker and his co-defendant, Lamont Kellum, were jointly tried before a single jury. The jury convicted each co-defendant of first degree murder (§ 187, subd. (a)), two counts of attempted willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and shooting at an inhabited dwelling (§ 246). The jury

---

1     All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. All further references to the statute will be to the new section number.

2     We take judicial notice of our opinion resolving Stocker's direct appeal in *People v. Kellum et al.* (May 9, 2018, B268683) [nonpub. opn.] (*Kellum*). (See Evid. Code, § 452, subd. (a).) Some of the following procedural information is taken from that opinion.

found gang and firearm use allegations true on all counts. (§§ 12022.53, subds. (b), (c), (d), (e)(1), 186.22, subd. (b)(1)(A).) (*Kellum*, *supra*, B268683.)

The trial court sentenced Stocker to 80 years to life on the murder count, consisting of a base term of 25 years to life, doubled to 50 years to life under section 667, subdivision (e)(1), with an additional 25 years to life under section 12022.53, subdivision (d), plus 5 years under section 667, subdivision (a). The court sentenced Stocker concurrently on the remaining counts and allegations. (*Kellum*, *supra*, B268683.)

On direct appeal, this court affirmed the convictions and remanded the matter to the trial court to retroactively exercise its discretion under section 12022.53, subdivision (h). (*Kellum*, *supra*, B268683.)

In 2022, Stocker filed a section 1172.6 petition seeking resentencing on his murder and attempted murder convictions. Without appointing counsel, the trial court summarily denied the petition. In support of its ruling, the court noted the jury found Stocker, in committing first degree murder, personally and intentionally discharged a firearm, causing death to victim Reggie Heard. (§ 12022.53, subd. (d).) The court also noted the jury found Stocker personally and intentionally discharged a firearm in the commission of the attempted murders. (§ 12022.53, subd. (c).) The court further explained a witness testified he saw Stocker load a .357 revolver and place it in his pocket, then heard two guns being fired at the same time, suggesting there were two shooters, and "the fatal bullet that killed [the victim] was a .357 bullet." The court lastly explained: "[T]he jurors were instructed on aiding and abetting." The court thus concluded Stocker "would still be convicted of murder and attempted murder as a matter of

law even with the passage of SB 1437 and SB 775's changes under Penal Code [section 1172.6]."

## DISCUSSION

### I. Governing Law

The Legislature enacted Senate Bill No. 1437 (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775) expanded Senate Bill No. 1437 to include convictions for attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551.)

SB 1437 also added section 1170.95 to the Penal Code which, as mentioned above, was later renumbered to section 1172.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) This section permits individuals who were convicted of felony murder or murder under the natural and probable consequences doctrine, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6, subd. (a).) It likewise permits individuals who were convicted of attempted murder under the natural and probable consequences doctrine, but who could not be convicted of attempted murder under current law, to petition the sentencing court for relief. (*Ibid.*)

A petition for relief under section 1172.6 must include a declaration by the petitioner that he or she is eligible for relief based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1172.6, subd. (b)(1).)

Subdivision (c) of section 1172.6 provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

If the trial court determines the petitioner has made a prima facie showing for relief and issues an order to show cause, the court must hold a hearing "to determine whether to vacate the murder [and] attempted murder . . . conviction[s] and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the

prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

## II. Analysis

As mentioned above, without appointing counsel or holding an evidentiary hearing, the trial court denied Stocker relief, concluding he "would still be convicted of murder and attempted murder as a matter of law" after the passage of section 1172.6. The Attorney General concedes the trial court should have appointed counsel, but argues the error was harmless because the record demonstrates Stocker is ineligible for relief as a matter of law. We agree with the Attorney General.

As the trial court noted, on the murder count, the jury found beyond a reasonable doubt that Stocker personally and intentionally discharged a firearm, causing death to victim Reggie Heard. (§ 12022.53, subd. (d).) This finding demonstrates Stocker is ineligible for relief as a matter of law on the murder conviction as the actual killer. (See *Lewis*, *supra*, 11 Cal.5th at p. 959 [section 1172.6 relief is not available for individuals who were the actual killer].) Similarly, on the attempted murder counts, the jury found beyond a reasonable doubt Stocker personally and intentionally discharged a firearm, indicating it did not convict him on those counts under an imputed-malice theory. (*Kellum*, *supra*, B268683; § 12022.53, subd. (c).) Additionally, the record demonstrates that the prosecution, during closing argument, argued to the jury that Stocker was guilty of murder and attempted murder as the actual shooter who harbored the intent to kill. The prosecution did not argue Stocker was guilty of murder or attempted murder under an imputed-

6

malice theory of liability. For these reasons, the record demonstrates as a matter of law that Stocker is ineligible for section 1172.6 relief. And because Stocker is ineligible for relief as a matter of law, the trial court's error in not appointing counsel was harmless. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864.)

As Stocker notes, the jury at his trial was instructed as follows:

> A person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator.

> *Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime.*

(CALCRIM No. 400, italics added.)

The Bench Notes accompanying this instruction state the above-italicized portion should be given if the prosecution is also proceeding on the natural and probable consequences doctrine. (See Judicial Council of Cal., Crim. Jury Instns. (2022) Bench Notes to CALCRIM No. 400.) The Bench Notes continue by instructing the court to give either CALCRIM No. 401 – regarding aiding and abetting liability – or CALCRIM Nos. 402 and 403 – regarding natural and probable consequences. The trial court here gave CALCRIM No. 401 on aiding and abetting. The court did not give CALCRIM Nos. 402 and 403 regarding the natural and probable consequences doctrine.

Although the above-italicized language theoretically suggested the jury could proceed on imputed-malice principles,

7

viewing the instructions and record as a whole, we find unpersuasive Stocker's argument that the inclusion of the italicized language refutes the conclusion that he is ineligible for relief as a matter of law. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 946-948 [affirming denial of section 1172.6 relief despite jury being instructed with above-italicized language, given prosecutor never argued and jury was never instructed on natural and probable consequences doctrine].) As discussed above, because the prosecution's sole theory at trial was that Stocker was the actual shooter who harbored the intent to kill, and because the jury's true findings on the gun allegations show it convicted Stocker on that theory, the record indeed demonstrates that Stocker is ineligible for relief as a matter of law.

## DISPOSITION

The order denying Stocker's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, P. J.

We concur:



COLLINS, J.



ZUKIN, J.